IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| SYLVESTER KELLY, ) | |
| ) | |
| Petitioner, ) | Criminal Case No. 1:06CR297 |
| V. ) | Civil Action No. 1:12CV988 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This case is before the Court on Sylvester Kelly's ("the Petitioner") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Kelly alleges in his Motion that he received ineffective assistance of counsel, but because the Motion was filed more than a year after his judgment of conviction became final, the motion is untimely.

On July 6, 2006, the Petitioner and six co-defendants were named in a twelve-count Indictment charging them with several drug crimes, and with possessing firearms in furtherance of those drug crimes. The Petitioner was arrested on September 28, 2006, and on December 5, 2006, he and another codefendant were named in a four-count Superseding Indictment. On January 17, 2007, the Petitioner pleaded guilty to distributing more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and 846; and to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On April 6, 2007, he was sentenced to one hundred and fifty-one (151) months for the drug violation and sixty (60) months for the firearm violation, for a total of two hundred and eleven (211) months incarceration, and five (5) years supervised release. On July 11, 2008, the Court granted the Petitioner's Rule 35 Motion and reduced his sentence for the drug violation from one hundred and fifty-one (151) months to one hundred and twenty-one (121) months.

On April 5, 2010, the Fourth Circuit affirmed the Petitioner's conviction. The Judgment took effect on June 2, 2010, after the Fourth Circuit denied the Petitioner's Petition for Rehearing. On September 5, 2012, the Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

The Petitioner states three grounds in support of his Motion: (1) ineffective assistance of counsel due to counsel's failure to inform the Petitioner about the factual basis for count four of the Indictment; (2) ineffective assistance of counsel due to counsel's failure to challenge venue; and (3) ineffective assistance of counsel due to counsel's failure to

2

inform the Petitioner of an earlier plea offer in writing.

There is a one-year limitation period for filing a petition under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). Normally, the limitation period begins to run from the date on which the conviction becomes final. See 28 U.S.C. § 2255(f)(1). A conviction becomes final when the last appeal is taken, or the time to file such an appeal (including a writ of certiorari) expires. See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). A defendant has 90 days to file a petition for a Writ of Certiorari seeking review of a judgment by a United States court of appeals. See Sup. Ct. R. 13.1.

The Judgment in this case was entered on April 10, 2007. The Fourth Circuit affirmed the Judgment on April 5, 2010, and its Judgment took effect on June 2, 2010. The Petitioner did not appeal the Judgment of the Court of Appeals, so his conviction became final 90 days later, on August 31, 2010, when the time to file a petition for a Writ of Certiorari to the U.S. Supreme Court expired. Thus, under § 2255, the Petitioner had one year—until August 31, 2011—to file his Motion. This time limitation is a statutory bar; the Court may not extend the time limitation for any reason. Thus, if the Petitioner wished to file a motion more than a year after the judgment of his

conviction became final, his only recourse is to claim that his case falls under one of the three exceptions in 28 U.S.C. § 2255(f). The Petitioner does not make this claim, and correctly so.

Two exceptions under § 2255(f) clearly do not apply to this case. There was no governmental action that impeded the Petitioner from making a timely motion, so his claims do not fall under § 2255(f)(2). And the facts supporting his claims were available when he pleaded guilty, long before the Judgment of Conviction became final, so they do not fall under § 2255(f)(4).

The Petitioner's claims also fail to qualify for the third exception, under § 2255(f)(3). This exception applies to (1) a newly-recognized right by the Supreme Court, that (2) is made retroactively applicable to cases on collateral review. To take advantage of this exception, the Petitioner bases his third claim (that his attorneys failed to tell him about an earlier plea offer in writing) on Lafler v. Cooper, 132 S. Ct. 1376 (2012), a case decided by the U.S. Supreme Court earlier this year. But lower courts have consistently held that Lafler does not meet the two requirements of § 2255(f)(3). Most courts, including the Seventh, Ninth, and Eleventh Circuits, have held that Lafler did not announce a new rule of constitutional law.

See Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (holding that Lafler applied an "established rule"); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (holding that Lafler was merely an application of the Sixth Amendment right to counsel); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012) (same); U.S. v. Tew, 2012 WL 2236662, at *2 (W.D. Va. June 15, 2012) (confirming that Lafler did not "recognize any new rights for criminal defendants"). By contrast, in this district, a court recently held that Lafler created a new rule of constitutional law, but that rule is not retroactively applicable to cases on collateral review. Berry v. United States, 2012 WL 3329622, at *6-8 (E.D. Va. July 29, 2012). Either approach leads to the same result: if Lafler did not create a newly-recognized right, or if that right was not retroactively applicable to cases on collateral review, then the claim does not fall under § 2255(f)(3).

Because the § 2255(f) exceptions do not apply, the Petitioner's Motion was untimely and this case must be dismissed.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
~~December    , 2012~~
Jan. 10, 2013

5